UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

---------------------------------------------------------X

| | |
|---|---|
| ANDREW WULKAN, | CIVIL ACTION |
| Plaintiff | NO. |
| VS. | |
| METRO-NORTH RAILROAD COMPANY, | |
| Defendant | |

---------------------------------------------------------X

## COMPLAINT

### NATURE OF ACTION

1. The plaintiff brings this action against the defendant for injuries suffered by him while in the employ of the defendant Railroad.

### JURISDICTION

2. This Court has subject matter jurisdiction in this case pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* Venue properly lies in this Court pursuant to 45 U.S.C. § 56.

### PARTIES

3. The plaintiff is domiciled in Putnam Valley, New York.

4. The defendant, Metro-North Railroad Company, (hereinafter referred to as defendant Railroad), is a railroad corporation duly established by law, and having a usual place of business in New York, New York.

## FACTS

5. During all times herein mentioned, the defendant Railroad was a common carrier engaged in the business of interstate commerce, and as such, operated a railroad in such business between New York, New York and New Haven, Connecticut.

6. At the time the plaintiff received the injuries complained of, he was employed by the defendant Railroad as a Trackman.

7. At the time the plaintiff received the injuries complained of, the defendant Railroad was engaged in interstate commerce and the plaintiff was employed in furtherance of said commerce.

8. On or about October 26, 2018, the plaintiff was engaged in his duties as a Trackman at or about Riverside Station in Greenwich, Connecticut which station, platforms, pathways, bridge plates, ballast, work areas, structures, towers, catenaries, and all other equipment and appliances appurtenant thereto were owned and/or operated and/or controlled and/or maintained by the defendant corporation.

9. At the time the plaintiff received the injuries complained of, he and a co-worker were lifting a bridge plate onto the track's platform when he felt pain in his right shoulder.

10. The defendant Railroad, its agents, servants, and employees were negligent in one or more of the following ways:

(a) it failed to train and/or instruct and/or supervise employees how to properly lift and/or move bridge plates; and/or

(b) it failed to train and/or instruct and/or supervise employees to follow its Job Safety Analysis for lifting and/or moving bridge plates; and/or

(c) it failed to assign more workers to perform the task of lifting and/or moving the bridge plate; and/or

(d) it failed to properly train and/or instruct and/or supervise the plaintiff how to properly lift and/or move bridge plates; and/or

(e) it failed to properly train and/or instruct and/or supervise the plaintiff to follow its Job Safety Analysis for lifting and/or moving bridge plates; and/or

(f) it failed to provide rollers to employees; and/or

(g) it failed to provide rollers to the plaintiff; and/or

(h) it violated Safety Rule 200.2 (Supervisor Responsibilities); and/or

(i) it violated Safety Rule 200.6 (Job Safety Briefing); and/or

(j) it violated Safety Rule 100.0 (1) and (3); and/or

(k) it failed to follow its Job Safety Analysis standards for moving and/or lifting bridge plates; and/or

(l) it failed to provide the plaintiff with a reasonably safe place to work; and/or

(m) it failed to act in a reasonably prudent manner under the facts and circumstances surrounding the incident.

11. As a result of the negligence of the defendant Railroad, its agents, servants, or employees, the plaintiff suffered injuries to his right shoulder, including, but not limited to a rotator cuff tear and surgery.

12. As a result of the negligence of the defendant Railroad, its agents, servants, or employees, the plaintiff was injured.

13. As a result of the said injuries, the plaintiff has suffered and will suffer lost wages and benefits, incurred medical expenses, suffered physical pain and mental anguish and will continue to do so in the future, and has an impairment to his future earning capacity and/or impaired economic horizons.

WHEREFORE, in order to fairly and justly compensate the negligently injured plaintiff and thereby promote safe operating conditions on the defendant Railroad, the plaintiff demands a judgment for monetary damages against the defendant Railroad in addition to any further relief the Court deems just and equitable.

<u>PLAINTIFF DEMANDS TRIAL BY JURY</u>.

By his attorneys,

By _____
Scott E. Perry (ct17236)
CAHILL & PERRY, P.C.
43 Trumbull Street
New Haven, Connecticut 06510
Telephone: (203) 777-1000
Fax: (203) 865-5904
scott@trainlaw.com